IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

| | |
|---|---|
| SCOTTY LEE ELMORE )<br>)<br>)<br>REBECCA BERNICE ELMORE )<br>)<br>Debtors. ) | CASE NO. 15-40206-JCW<br>CHAPTER 13 |

## OBJECTION TO CONFIRMATION OF PLAN

**NOW COMES**, Carolina Lease Management Group, LLC (Carolina Lease), Creditor herein, by and through counsel, and files its Objection to Confirmation of Plan by stating as follows:

1. This is a Chapter 13 Bankruptcy filing by Scotty Lee Elmore and Rebecca Bernice Elmore (Debtors). In their Voluntary Petition [Doc. 1], Debtor lists their obligation to Carolina Lease incorrectly on Schedule D as a Secured Claim and correctly on Schedule G as an Unexpired Lease.

## FACTS

2. Carolina Lease and Debtor Rebecca Elmore, entered into Rental Purchase Agreement and Disclosure Statement (48 month) on February 7, 2013 regarding a storage utility barn (Building), measuring 9' x 16' and bearing serial number HMSN-16139-0916-090612. A copy of the agreement, properly redacted pursuant to the rules, is attached hereto and incorporated herein as **Exhibit 1**.

3. As of the date the Debtor filed her Petition, there was a past due amount owed of $96.17, including unpaid late fees. As such, Debtor was in default of the valid and binding lease agreement at the time the Petition was filed.

4. The agreement regarding the storage utility building has been underperformed and is an executory contract/unexpired lease. *See* 11 U.S.C. § 365; *In re: Sunterra Corp.*, 361 F.3d 257, 264 (4th Cir. 2004).

5. The agreement between Debtor and Carolina Lease is properly classified as an executory contract/unexpired lease because the agreement is subject to termination by the lessee. Specifically, paragraph 4 on page 2 of the agreement provides that the lessee ("[c]onsumer") "may terminate the agreement without penalty by voluntarily surrendering the rented property upon expiration of any lease term." The lease term of the agreement is defined at paragraph 1(d) on page 1 of the agreement: "The term of this agreement is for one month." (**Exhibit 1**).

6. Further, no ownership interest was transferred to Debtor upon entering the agreement with Carolina Lease. Carolina Lease was, and continues to be, owner of the Building. Pursuant to the terms of the agreement Debtor must make 48 consecutive monthly payments before ownership interest is transferred to Ms. Elmore. As such, this lease is unexpired and underperformed as of the date the Voluntary Petition was filed.

7. Pursuant to 11 U.S.C. § 365, Debtor is to provide adequate assurance to Carolina Lease that she will cure the amount of default, as well as provide adequate assurance of future performance, should she assume the contract. As an assumption of the contract the treatment of Carolina Lease's claim would be direct payments made to Carolina Lease Management Group, LLC, Creditor.

8. Pursuant to the Chapter 13 Plan [Doc 9] filed by debtors, they wish to reject the lease and treat as purchase. Carolina Lease objects to treating its Claim as a Secured Claim subject to purchase as it has an unexpired lease that can only either be assumed or rejected.

9.    Should Debtor wish to enter into a Lease Assumption Agreement, Carolina Lease will, upon entry of the Consent Order granting the terms of the Lease Assumption Agreement, withdraw this Objection to Confirmation of the Plan and its Proof of Claim [POC 4].

10.    While Debtor has proposed rejection of this unexpired lease/executory contract, and indicated a desire to treat as a purchase she did not list the arrearage on her account with Carolina Lease in her Plan. Therefore, Carolina Lease objects to the confirmation of Debtors' Plan and requests that the Plan be amended to provide prompt cure of default and full payment of the Lease. Alternatively, Carolina Lease requests that this Court deny confirmation of the Debtors' Plan.

**RESPECTFULLY SUBMITTED**, this the 27th day of July, 2015.

**CAROLINA LEASE MANAGEMENT GROUP, LLC**
BY:    HAGWOOD ADELMAN TIPTON, PC

*s/ Amy E. Oleksa*
AMY E. OLEKSA (N.C. State Bar #30375)
Hagwood Adelman Tipton, PC
201 S. Tryon Street, Suite 1475
Charlotte, NC 28202
Tel:    704-676-6066
Fax:    704-676-6068
Email: aoleksa@hatlawfirm.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION

| | |
|---|---|
| SCOTTY LEE ELMORE ) | |
| ) | CASE NO. 15-40206-JCW |
| ) | CHAPTER 13 |
| REBECCA BERNICE ELMORE ) | |
| ) | |
| Debtors. ) | |

## NOTICE OF HEARING

**NOTICE IS HEREBY GIVEN** that Carolina Lease Management Group, LLC has filed an Objection to Confirmation of Plan. A copy of the Objection accompanies this Notice. The Court will conduct a hearing on said Objection on Friday, August 28, 2015 at 9:30 a.m. in the Cleveland County Courthouse, 100 Justice Place, Shelby, North Carolina. No further notice of this hearing will be given.

**THIS**, the 27th day of July, 2015.

                               **CAROLINA LEASE MANAGEMENT GROUP, LLC**
                               BY:   HAGWOOD ADELMAN TIPTON, PC

                                       *s/ Amy E. Oleksa*
                                       AMY E. OLEKSA (N.C. State Bar #30375)
                                       Hagwood Adelman Tipton, PC
                                       201 S. Tryon Street, Suite 1475
                                       Charlotte, NC 28202
                                       Tel:   704-676-6066
                                       Fax:  704-676-6068
                                       Email: aoleksa@hatlawfirm.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this date I served a copy of the foregoing upon counsel of record by having employees of Hagwood Adelman Tipton, PC, acting at my direction, file the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record as follows:

Allen W. Wood, III
55-B Northwest Blvd
P.O. Box 145
Newton, NC 28658
*Attorney for Debtors*

Steven G. Tate
212 Cooper Street
Statesville, NC 28677
*Trustee*

and via U. S. Mail, postage prepaid and properly addressed to the following non-ECF recipient:

Scotty Lee Elmore
P.O. Box 705
Icard, NC 28666
*Debtor*

Rebecca Bernice Elmore
P.O. Box 705
Icard, NC 28666
*Debtor*

SO CERTIFIED, this the 27th day of July, 2015.

                                              *s/ Amy E. Oleksa*
                                              AMY E. OLEKSA (N.C. State Bar #30375)



# Carolina Lease Management Group, LLC
P.O. Box 215
Halls, TN 38040
Telephone: 855-842-9900
Fax: 731-836-0580

## Rental Purchase Agreement and Disclosure Statement (48 month)

This agreement (Pending final approval by Carolina Lease Management Group, LLC's Home Office located in Halls, TN, that all prices & payments contained herein are correct) made and entered into on this __7__ day of __Febuary__, __2013__, (a copy of which has been furnished to Consumer as evidenced by Consumer's signature as it appears below), by and between Carolina Lease Management Group, LLC, (or it's successors or assigns) having its principal place of business at 2726 Viar Rd, Halls, TN 38040 in Lauderdale County Tennessee, hereinafter referred to as "Lessor" and

(Name) __Rebecca Sheffield Elmore__ whose address is (Street/Route) __4337 Nancys Place__
(City) __Granite Falls__ (County) __Caldwell__ (State) __NC__
(Zip Code) __28630__ hereinafter referred to as "Consumer."

### Witnesseth:

1. For and in consideration of mutual covenants and agreements hereinafter set forth, Lessor hereby leases to Consumer and Consumer hereby leases from Lessor that certain portable warehouse and equipment described in paragraph 2 (a) set out below.
2. The following information is hereby disclosed to the Consumer pursuant to State Laws and are terms and conditions of this agreement.
(a) The property to be leased, the subject of this agreement, is described as follows: ☑ New  ☐ Used

__9x16 Metal Series__

(b) The total pre-tax cost of the leased property is $ __1825.00__ + Sales Tax
(c) The property is owned by Carolina Lease Management Group, LLC.
(d) The term of this agreement is for one month.
(e) Consumer may renew this agreement for consecutive terms of one month by making rental payments in advance for each additional month consumer wishes to rent the property.
(f) The rental payment is $ __76.04__ + Sales Tax (sales tax subject to change) = __81.17__ per month and is due on the __15 th__ day of each succeeding month. If Consumer makes 48 monthly payments for a total cost of $ __3846.16__ and otherwise complies with this agreement, Consumer will acquire ownership of the rented property. **At any time after Consumer has made the first rental payment Consumer may purchase the rented property for the total pre-tax cost of $ __1825.00__ + Sales Tax less 50% of all the rental payments Consumer has made (exclusive of taxes, reinstatement, and other charges.)**
(g) Consumer will not own the property until the Consumer has made the number of payments and the total of payments necessary to acquire ownership.
(h) The total payments does not include other charges such as late payment, default, pick-up or reinstatement fees, and Consumer should read this contract for an explanation of these charges.
(I) Consumer is responsible for the fair market value of the property if it is lost, or stolen or damaged or destroyed.
(j) Consumer is responsible for maintaining the property while it is leased.
(k) Consumer shall not permit the leased property to be altered for the construction of shelves, addition of equipment and accessories or the placing of signs thereon and shall not permit the leased property to be tied to or otherwise affixed to any real estate in such a manner that the same cannot be removed without damage to the leased property.
(l) Consumer agrees not to, in any way, restrict the Lessor, its agents and/or independent contractors from access to the leased property. Consumer specifically grants to Lessor, its agents and/or independent contractors specific right of entry onto the Consumer's property, and waives any and all claims of wrongful entry onto the Consumer's property, during the initial delivery of said rental property and during the repossession of such leased property, whether such repossession is at the request of Consumer or caused by Consumer's default.
3. At the time of the execution of this agreement, the Consumer shall pay to the to Lessor a security deposit in the amount of $ __91.25__ to be held by Lessor as security for the performance of all terms of this agreement and including, but not limited to, the payment or a redelivery charge.

Consumer:
__Rebecca Sheffield Elmore__

Pink: (Customer Copy)

Revised 10/10/11
Page 1 of 3 Pages

Such deposit (or such part thereof as has not been applied to remedy defaults of the Consumer) shall be refunded, without interest, only on the expiration of the term of this lease. If Consumer has not been late on rental payments for more than 3 times, and if all obligations of the Customer have been performed or discharged and Consumer exercises option to purchase. Lessor may from time to time use the proceeds of the deposits to apply towards any breach by Consumer of the terms of this lease, and in the event of such application upon demand to the Lessor, the consumer shall restore the deposit to its original amount.

4. Consumer may terminate this agreement without penalty by voluntarily surrendering the rented property upon expiration of any lease term. In that event, Consumer agrees to return the rented property to Lessor in the same condition it was on this date, normal wear and tear excepted and all payments shall be deemed fair rental value.

5. In the event of termination by Consumer, Consumer will still owe Lessor any past-due rental payments. If Consumer fails to make a timely rental payment, which otherwise would effectuate a termination of this agreement, Consumer shall have the right to reinstate the agreement without losing any rights or options by payment of all past-due rental charges, the reasonable cost of pick-up, redelivery, and refurbishing, and any applicable late fee within five (5) days of the renewal date.

6. If Consumer, at the request of Lessor or its agent, has returned or voluntarily surrendered the rented property to Lessor, in the event Consumer has paid not less than 60% of the amount called for under this contract, to obtain ownership, the reinstatement period shall be a term for thirty (30) days after the date of the return of the property. In the event that Consumer has paid not less than 80% of the amount called for under the contract to obtain ownership, the reinstatement period shall be extended to a total of sixty (60) days after the date of the return of the property.

7. The rented property shall be kept at the address shown above. It may not be moved from that address without the written consent of Lessor which consent shall not be unreasonably withheld.

8. Consumer may not assign any of Consumer's rights under this contract to any third party without the written consent of Lessor which consent shall not be unreasonably withheld.

9. Lessor shall have the right to examine and inspect the rented property at all reasonable times.

10. Notwithstanding anything contained in this agreement to the contrary, the lessor shall not be liable to the Consumer or to any other person, firm, or corporation by reason of the loss of, damage, or destruction is due to negligence of the Lessor, its agent, servants or employees. In the event, and whether or not such loss damage or destruction for the property kept in the leased premises is due the negligence of the Lessor, its agent, servants or employees, or otherwise the liability of the Lessor shall not exceed the value of the portable warehouse in question. In this regard, the Consumer warrants and guarantees to the Lessor that no property in excess of the said limit of liability shall be placed in or stored in the leased property other than at the sole peril of the Consumer. The Consumer assumes full responsibility for all contents in the building, and agrees to not hold the Lessor, its employees, or its agents, liable in any way for damages, destruction or loss of any kind to any property stored inside the building which is incurred during the act and/or process of repossessing the building.

11. Notice is hereby given to any holder of this instrument or any interest therein that to the extent this instrument may be deemed to be a consumer credit contract, the rights of such holder, if any, are subject to all claims and defenses which the debtor could assert against the seller of goods and services obtained pursuant there to, but with recovery by the debtor being limited to the amount paid by the debtor hereunder.

12. Consumer agrees to promptly remove all of consumer's personal belongings and property at the termination of this agreement, whether such termination is caused by Consumer's default, or by lapse of time, and Lessor may elect that any personal property not removed at such termination by Consumer is deemed abandoned by Consumer and same shall become the property of the Lessor without any payment or offset thereto; If Lessor shall not so elect, the Lessor may remove such property from the leased premises and store same at Consumer's risk and expense.

13. In the event the Lessor shall incur costs and expenses in enforcing the terms of the agreement because of the breach thereof by the Consumer or by the agents, servants, or employees of the Consumer, the Lessor shall recover from and the Consumer shall pay to lessor, all of the Lessor's cost and expenses by reason thereof, including but not limited to Lessor's reasonable attorney's fees. In the event Consumer defaults in complying with the terms of this Lease and Lessor proceeds to repossess the building, and Consumer pays the amount in arrears after Lessor has made the trip to repossess same, then Consumer shall pay Lessor in addition to payments in arrears all expenses pertaining to said trip.

14. The parties agree that the Consumer has examined the leased property, knows the condition thereof, and has agreed to lease the same in "as is" condition and that the Lessor has made no representations, warranties, or promises of any kind or nature, either expressed or implied, as to the condition, quality, suitability, or fitness or purpose of the leased property.

Consumer:

_Rebecca Styffield Elmore_

Pink: (Customer Copy)  Page 2 of 3 Pages

15. Consumer agrees that the laws of the State of Tennessee, the home state of Lessor, shall govern this contract in all respects, and the Consumer further agrees to submit to the jurisdiction of Courts of Tennessee, including but not necessarily limited to the Courts of Lauderdale County, Tennessee, the site of the home office of the Lessor.

16. This agreement sets forth the parties' entire agreement and may not be changed except in paper writing signed by both parties.

17. By executing this agreement, Consumer agrees that:
(a) Consumer has read and understands this agreement.
(b) Consumer has been given a signed and legible copy with all blanks filled in.
(c) Consumer has received the rented property in good condition.
(d) Consumer hereby acknowledges the Lessor maintains the right to assign this contract to a third party and further agrees to remit rental payments to such party if so assigned.

18. In the event of default, consumer / lessee will be liable for a $15.00 per month late charge plus any applicable sales tax, and all costs of collection including collection agency fees, reasonable attorney fees and court costs.

IN WITNESS WHEREOF, the parties have hereunto affixed their signatures as of the day and date first above written.

LESSOR:

BY: _____
       (For Home Office Use Only)

CONSUMER:

X _Rebecca Shillilel Elmore_____

SSN _____
Driver's License # _____

Home Phone (828) 334-4143
Cell Phone (828) 328-8647
Employer _____
Work Phone _____

CO-CONSUMER:

X _____

SSN _____
Driver's License # _____

Home Phone _____
Cell Phone _____
Employer _____
Work Phone _____

(Own) or Rent Home _____
Name / Phone # of Landlord _____

Own or Rent Home _____
Name / Phone # of Landlord _____

ASSIGNMENT (For Office Use Only)

Carolina Lease Management Group, LLC has assigned all of it's rights, title and interest in this agreement to Iberia Bank FSB and no other assignment of this agreement will be effective without the express written consent of Iberia Bank FSB.

Seller assigns this contract on _____, to _____ in accordance with the seller's assignment appearing below. Assignment is with recourse and subject to a separate agreement.

By _____ Title _____ (Seller)

Seller sells and assigns to _____ its successors and assigns, all rights, title and interest in this retail installment contract. Seller gives assignee full power, either in its own or in seller's name, to take all legal or other actions which seller could have taken under this contract.

By _____